HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAY FRANK FISCHER, | CASE NO. C15-5213 RBL |
| Plaintiff, | ORDER |
| v. | |
| AMERICAN LASER SKINCARE NORTHWEST, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Jay Frank Fisher's proposed complaint and application to proceed *in forma pauperis* [Dkt. #1]  The case is one of five[1] proposed complaints Fisher has filed this month.  In this case, Fisher seeks to sue American Laser for damages she suffered as a result of its negligence, specifically in that it failed to remove her facial hair, and for what she claims is damage to her retinas and a "photophobia affliction."

---

[1] The cases are: *Fisher v. Pierce County Superior Court*, Cause No. 15 cv 5156RBL; *Fisher v. Always Hope Taylor Housing*, Cause No. 15 cv 5212RBL; *Fisher v. American Laser*, Cause No. 15 cv 5213RBL; *Fisher v. The Salvation Army*, Cause No. 15 cv 5220RBL; and *Fisher v Tacoma Police*, Cause No. 15 cv 5221RBL.

ORDER - 1

1       A district court may permit indigent litigants to proceed *in forma pauperis* upon

2   completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad

3   discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil

4   actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th

5   Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed

6   *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the

7   action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369

8   (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis*

9   complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v.*

10  *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.

11  1984).

12      A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it

13  must nevertheless contain factual assertions sufficient to support a facially plausible claim for

14  relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*

15  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A

16  claim for relief is facially plausible when "the plaintiff pleads factual content that allows the

17  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

18  *Iqbal*, 556 U.S. at 678.

19      Plaintiff Fisher's claim against the courts does not meet this standard.  First, Fisher has

20  not identified any basis for this court's jurisdiction over the claim or the defendant.  She has

21  alleged a plain vanilla negligence action, at best, but that is not enough to invoke this Court's

22  subject matter jurisdiction.  Plaintiff has not alleged a constitutional or other federal claim, and it

23  does not appear that she could do so.

24

- 2

1   For these reasons, the Motion to proceed *in forma pauperis* is DENIED.  Plaintiff shall

2   pay the filing fee or file an amended complaint addressing these deficiencies within 21 days of

3   this Order or the case will be dismissed without further notice.

4   IT IS SO ORDERED.

5   Dated this 28th day of April, 2015.

6

7   _____

    RONALD B. LEIGHTON

8   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

- 3